**Anthony ADAMS, Plaintiff,**

v.

**Michael WEX, Guthy Renker Corporation, Guthy Renker Television Network, Inc. and Time Warner Entertainment Company, L.P., Defendants.**

**No. 3:98–CV–1045 (WWE).**

United States District Court,
D. Connecticut.

Jan. 6, 1999.

Anthony W. Adams, Trumbull, CT, pro se.

Berthold H. Hoeniger, Bridgewater, CT, for Anthony W. Adams.

Richard E. Castiglioni, James Patrick Blanchfield, Diserio, Martin, O'Connor & Castiglioni, Stamford, CT, for Michael Wex, Guthy–Renker Corp. and Guthy–Renker Television Network, Inc.

Daniel Schwartz, Sarah Moore Fass, Day, Berry & Howard, Stamford, CT, Felix J. Springer, Day, Berry & Howard, Hartford, CT, Lynn A. Kappelman, Seyfarth, Shaw, Fairweather & Geraldson, New York City, for Time Warner Entertainment Co., LP.

### RULING ON MOTION TO DISMISS

EGINTON, Senior District Judge.

Defendants Michael Wex ("Wex"), Guthy–Renker Corporation ("GRC") and Guthy–Renker Television Network, Inc. ("GRTV") move this Court for an order dismissing the present action in its entirety, as to them, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4) and 12(b)(5). Inasmuch as no objection to this Motion has been filed with this Court, that, in itself, is sufficient to grant this Motion. In the interest of judicial

equity, however, the Court will briefly review their legal grounds for dismissal.

## STATEMENT OF FACTS

The Court summarizes only those facts believed necessary to an understanding of, and decision rendered on, this Motion.

On or about June 4, 1998, plaintiff filed a three-count complaint in this court, alleging causes of action arising out of co-defendant Time Warner Entertainment Co.'s ("TW") decision to terminate plaintiff's employment with it.

The first two counts are directed at TW. The third count is the only count directed at the present movants and alleges that these defendants tortiously interfered with plaintiff's "implied" employment contract with TW.

GRTV and GRC are foreign corporations, as defined by Conn.Gen.Stat. Section 33-602(12)[1], organized and existing under the laws of Delaware, with their offices and principal place of business in California. Wex, the only individual named in the complaint, resides solely in California.

## LEGAL ANALYSIS

### I. The Standard of Review

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of showing that the court has jurisdiction over a defendant. *Metropolitan Life Insurance Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 566 (2d Cir.) *cert. denied,* —— U.S. ——, 117 S.Ct. 508, 136 L.Ed.2d 398 (1996). Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction. *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.), *cert. denied,* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990).

### II. The Standard As Applied

This case presents a question of whether the two corporate defendants, as foreign corporations, are amenable to suit under Section 33–929 of the Connecticut statutes. Conn.Gen.Stat. Section 33–929(e) provides that "[e]very foreign corporation which transacts business in this state in violation of § 33–920 .... shall be subject to suit in this state upon any cause of action arising out of such business." Hence, there is a causal connection between the two, *Electric Regulator Corp. v. Sterling Extruder Corp.,* 280 F.Supp. 550, 554 (D.Conn.1968) and the definition of a business transaction as used in this statute is not interpreted broadly. *Hagar v. Zaidman,* 797 F.Supp. 132, 135–136 (D.Conn.1992).

The third count of this complaint is devoid of any facts which could lead this Court to believe that GRC or GRTV transact business in this State in violation of Section 33–920 or any other statute regulating the affairs of foreign corporations in Connecticut. Accordingly, the Motion to Dismiss for lack of personal jurisdiction will be granted as to GRC and GRTV.

As to the individual Wex, plaintiff merely cites the Long–Arm Statute verbatim without setting forth any behavior of Wex which falls within the statutory prohibitions. Seemingly, the only fact that plaintiff relies on is Wex's position as an officer of GRTV, which is insufficient to hale him into a Connecticut court from his California residence.

There is no need, accordingly, to ascertain the constitutionality of jurisdiction over these defendants, as such inquiry is made only if each fits under the particular statute cited by plaintiff. *Frazer v. McGowan,* 198 Conn. 243, 246–47, 502 A.2d 905 (1986).[2]

## CONCLUSION

For the reasons set forth herein, the Motion to Dismiss [Doc. No. 17] is GRANTED.

SO ORDERED.

---

1. "Foreign corporation" means a corporation incorporated under a law other than the law of this state. Conn.Gen.Stat. § 602(12).

2. Nor, based on this Ruling, is it necessary to examine Federal Rules 12(b)(4) or (5).